### W. C. Scott v. The State.

No. 3009.    Decided October 19, 1904.

**1.—Occupation Tax—Charge of the Court—Partnership.**

Where appellant was being tried upon a charge of selling spirituous, etc., liquors without having first paid the occupation tax thereon, and there was evidence which showed that he sold it as the partnership property of his firm, an instruction that if he did not sell the liquor as his individual property, to acquit, was correctly refused.

**2.—Same—Want of Knowledge—Mitigating Circumstance.**

A charge that if defendant, who was charged with selling spirituous, etc., liquors without having first paid the occupation tax, did not know that said liquors were spirituous, vinous or intoxicating, such fact could only be considered in mitigation of his punishment was correct, where there was evidence of a want of such knowledge.

**3.—Evidence—Levy of Tax Must be Proved.**

Unless it is affirmatively shown that the State proved that an occupation tax for the sale of spirituous, etc., liquors was levied by the county upon such occupation, a conviction for such offense will be set aside.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

Appeal from a conviction of pursuing the occupation of selling spirituous, vinous and medicated bitters without paying tax thereon; penalty, a fine of $450.

No statement necessary.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of pursuing the occupation of selling spirituous, vinous and malt liquors of one gallon and less, without having paid the tax due upon said occupation. The testimony, in substance shows, that he sold medicated bitters, called Juniper Berries; that it was intoxicating. Appellant testified that he did not know it was intoxicating; that it was a patent medicine he had bought to sell in conjunction with other drugs he was keeping; that he did not know it was intoxicating. The facts further show appellant and R. J. Scott were running a business under the firm name of R. J. & W. C. Scott, and in conjunction with other goods were selling drugs. On this state of facts, appellant asked the court to charge the jury: "If you find from the evidence that defendant sold Juniper Berries and Orange Tonic to one or more persons, on or about the time alleged in the indictment, and that said bitters and tonic were intoxicating, but should you further find, that at the time of such sales the same was the property of R. J. & W. C. Scott, and were sold by defendant as such, and not as his individual property, you will acquit defendant." The court did not err in refusing this charge. Wade v. State, 22 Texas Crim. App., 629; Mansfield v. State, 17 Texas Crim. App., 468.

In the sixth ground of the motion for new trial, appellant complains of the following portion of the charge: "If in accordance with the foregoing instructions you believe beyond a reasonable doubt, that defendant is guilty by reason of having sold intoxicating liquors by the name of Juniper Berries or Orange Tonic, and you also believe that when he sold them, he did not know that said liquors were spirituous, vinous or intoxicating liquors, then you shall consider such evidence only for the purpose of mitigating his punishment." This charge is correct. See Petteway v. State, 36 Texas Crim. Rep., 97.

Vol. 47 Crim.—12.

Appellant insists that the verdict of the jury is not supported by the evidence. In this he is correct, since the record before us fails to show that any tax was levied by the county upon the occupation of selling intoxicating liquors. This may have been an oversight in the preparation of the statement of facts, but with this we have nothing to do, as we are compelled to pass on the case as presented by the record before us. Crews v. State, 10 Texas Crim. App., 292; Spears v. State, 8 Texas Crim. App., 467. The various other errors urged by appellant we do not deem necessary to review.

For the error pointed out, the judgment is reversed and the cause remanded.

Davidson, Presiding Judge, absent.        *Reversed and remanded.*